# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| David Morris, | Case No. 5:09CV2912 |
| Petitioner | Judge Patricia A. Gaughan |
| v. | Magistrate Judge David S. Perelman |
| Frank Shewalter, Warden, | **REPORT AND RECOMMENDED DECISION** |
| Respondent | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his conviction pursuant to a plea of guilty on August 24, 1987 to five counts of aggravated robbery, each including a firearm specification, and one count of kidnapping, also bearing a firearm specification; and of his conviction pursuant to a bench trial on August 28, 1987 to one count of aggravated murder, one count of attempted aggravated murder, one count of attempted aggravated robbery, and one count of carrying a concealed weapon, each including a firearm specification, upon which he was sentenced to an aggregate term of life imprisonment.

On October 1, 1987 the petitioner appealed his convictions to the Ohio Ninth District Court of Appeals alleging four assignments of error:

    I.    The trial court erred to prejudice of the appellant in imposing consecutive sentences of actual incarceration for felonies committed as part of the same transaction, in violation of R.C. 2927.71.

1

> II. The court committed prejudicial error when it admitted testimony, over appellant's objection, of other crimes to which appellant had pled guilty and such evidence was not relevant to prove appellant's guilt on the remaining charges in the indictment in violation of Revised Code Section 2945.59, the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
> III. When the totality of the circumstances demonstrates that a defendant of subnormal intelligence, and under the influence of cocaine and alcohol, makes inculpatory statements during custodial interrogation, the trial court, in overruling a motion to suppress the statement violates the defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
> IV. On the charge of attempted aggravated murder, the state failed to prove the element of specific intent to kill beyond a reasonable doubt, in violation of appellant's rights under the due process clause of the Fourteenth Amendment.

On April 27, 1988 the appellate court affirmed the convictions.

Petitioner appealed the appellate court ruling to the Ohio Supreme Court, and on September 21, 1988 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[1]

More than twenty years later, on November 6, 2008, petitioner filed with the trial court a post-conviction petition requesting dismissal of the aggravated murder and aggravated robbery convictions, in which he challenged the indictment as having omitted the required mens rea. On January 20, 2009 the trial court dismissed the petition as having been untimely filed.

Petitioner appealed the dismissal of his post-conviction petition to the Ohio Ninth District

---

[1] The respondent informed that the briefs filed in that appeal to the state supreme court were unavailable due to the age of the case.

2

Court of Appeals alleging a sole assignment of error:

> 1. The trial court committed reversible error in denying relief to the defendant under Ohio post conviction statute, Ohio Revised Code Section 2953.23, where defendant is legally innocent as a matter of law.

On June 30, 2009 the appellate court affirmed the decision denying petitioner's petition for post-conviction relief.

On August 12, 2009 petitioner appealed the appellate court ruling to the Ohio Supreme Court alleging the following sole proposition of law:

> **Proposition of Law No. I**: Without a formal and sufficient accusation there can be no trial, conviction or punishment for a crime and where an indictment does not charge an offense under Ohio law, there is no formal and sufficient accusation; the conviction must be set as pursuant to Doyle v. State (1848), 17 Ohio 222.

On December 16, 2009 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Petitioner filed the instant petition on December 16, 2009 in which he raises the following sole claim for relief:

> **A. GROUND ONE:** The trial court committed reversible error in denying relief under Ohio post conviction statute, Ohio Revised Code Section 2953.23, where the defendant is legally innocent as a matter of law.
>
> Legally Innocent: The counts in defendant Morris's indictment that purport to charge aggravated murder and aggravated robbery are insufficient to charge those offenses as a matter of law. He has never been charged with those offenses under Ohio law. He is therefore legally innocent.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L.

3

No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The respondent argues, and this Court agrees, that petitioner's claim for relief is not cognizable in habeas corpus and, therefore, must be dismissed. The Sixth Circuit Court of Appeals has repeatedly held that there can be no relief in federal habeas corpus for errors in post-conviction proceedings. Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007), citing Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002), Alley v. Bell, 307 F.3d 380, 387 (6th Cir. 2002), cert. denied, 541 U.S. 963 (2004), Greer v. Mitchell, 264 F.3d 663, 681 (6th Cir. 2001), and Kirby v. Dutton, 794 F.2d 245, 246-47 (6th Cir. 1986). Such a claim not being cognizable in habeas corpus, is subject to dismissal on that basis.

The respondent also contends, and once again this Court agrees, that petitioner's claim should be dismissed as having been untimely filed.

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired. Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Turning to the present case, petitioner's conviction became final 90 days after September

4

21, 1988, the date upon which state supreme court denied him leave to appeal, which would have been on December 20, 1988.

Under the AEDPA, petitioners whose convictions became final before its effective date were granted a one-year grace period after the effective date (April 24, 1996) in which to file their petitions for writ of habeas corpus in a timely manner. As a consequence, a petition premised upon a conviction which became final prior to April 24, 1996 would have had to have been filed prior to April 24, 1997, absent tolling.

This petitioner did not file his post-conviction petition for more than a decade after the expiration of the grace period. The limitations period having already expired, it could not have been revived by the filing of the post-conviction petition and, therefore, it was untimely.

There is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of petitioner's time-barred claims for relief in habeas corpus.

It is petitioner's burden to demonstrate the necessity of equitable tolling, which is infrequently applied by the courts. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), cert. denied, 125 S.Ct. 200 (2004); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003). The following five-factor test is applied to determine whether to equitably toll the limitations period of the AEDPA: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001), cert. denied, 534 U.S. 1057 (2001). "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." Vroman v. Brigano, supra at 605. In addition,

5

"absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." Id.

Neither an attorney's mistake nor ignorance of the law is a valid basis for demonstrating entitlement to equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), (quoting Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991)); Jurado v. Burt, 337 F.3d 638, 644-645 (6th Cir. 2003).

Although petitioner argues that refusal to consider the claims for relief raised in these proceedings will result in a fundamental miscarriage of justice due to his alleged actual innocence, in order to succeed on such a claim the petitioner would be required[2] to establish the existence of reliable new evidence, being evidence which had been unavailable for presentation or improperly excluded in the state courts, which would have undermined confidence in the outcome of the trial, and which would have "[shown] that it is more likely than not that no reasonable juror would have convicted [petitioner.]" Schlup v. Delo, 513 U.S. 298, 324-329 (1995). Plaintiff has failed to make such a showing.

That being so, the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.

DAVID S. PERELMAN
United States Magistrate Judge

DATE: June 14, 2010

---

[2] It is the petitioner's burden to establish entitlement to the affirmative defense of equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), cert. denied, 125 S.Ct. 200 (2004); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).

AO 72A (Rev. 8/82)

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

AO 72A
(Rev. 8/82)