**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **David Morris,** | ) | **CASE NO. 5:09 CV 2912** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Frank Shewalter,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Perelman (Doc. 8), which recommends dismissal of the Petition for Writ of Habeas Corpus now pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**INTRODUCTION**

Petitioner, David Morris, commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated following his conviction after pleading guilty on August 24, 1987, to five counts of aggravated robbery, each including a firearm specification, and one count of kidnapping with a firearm specification; and after his conviction pursuant to a bench trial on August 28, 1987, of one count of aggravated murder, one count of attempted aggravated murder, one count of attempted aggravated robbery, and one count of carrying a concealed weapon, each including a firearm specification.  Petitioner was

1

sentenced to an aggregate term of life imprisonment.  Petitioner's conviction became final on December 20, 1988, 90 days after the Ohio Supreme Court denied him leave to appeal.  This matter has been fully briefed and the Magistrate Judge has issued his Report and Recommendation recommending that the Petition be dismissed.  Petitioner has filed Objections to the Report and Recommendation.

### **STANDARD OF REVIEW**

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

### **DISCUSSION**

The Petition sets forth a single ground for review:

> The trial court committed reversible error in denying relief under Ohio post conviction statute, Ohio Revised Code Section 2953.23, where the defendant is legally innocent as a matter of law.
>
> Legally Innocent:  The counts in defendant Morris's indictment that purport to charge aggravated murder and aggravated robbery are insufficient to charge those offenses as a matter of law.  He has never been charged with those offenses under Ohio law.  He is therefore legally innocent.

Magistrate Judge Perelman concluded that this ground is not cognizable on habeas review, and that the Petition is untimely.

Petitioner objects to the Magistrate Judge's conclusion.  Petitioner first objects that the Magistrate Judge has misstated his ground for review.  Petitioner claims that his ground for review is set forth in his Petition on page 14:

2

> Counts in petitioner's indictment are so fatally defective that under no circumstances could a valid conviction result from facts provable under those counts thus petitioner has been denied due process of law.

The ground set forth by the Magistrate Judge, however, was taken directly from petitioner's response to item 12 on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1-1), which instructs petitioner to "[s]tate *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground."  Petitioner then sets forth the following facts:

> The essential elements of the aggravated murder and the aggravated robbery offense counts are missing from those counts in Petitioner Morris' indictment.  These are undisputed facts.  As such, those counts in the indictment charged no offense under Ohio law.  The omission is an obvious deviation from a legal rule.  The omission renders these counts in the indictment invalid for failing to state an offense under the laws of Ohio.

Petitioner filed a separate brief concurrently with his Petition that is also entitled Petition for Writ of Habeas Corpus (Doc. 1) and makes several arguments in support of his Petition, including the trial court's lack of subject matter jurisdiction to convict him and legal innocence, before restating his ground for review as a due process claim.  Under these circumstances, the Court can understand the Magistrate Judge's characterization of his ground for review as that set forth in response to item 12.  Petitioner does not argue that these are two separate grounds for review, and the Court is convinced that the claims are based on the same underlying set of facts.

Even accepting petitioner's later characterization of his claim as a due process claim, however, the Court agrees with the Magistrate Judge that the Petition must be dismissed because it is untimely given that 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was

3

completed or the time to pursue such review expired. Petitioner objects to this conclusion. He argues that due to the jurisdictional defect (the lack of subject matter jurisdiction stemming from the allegedly defective indictment), there is no limitations period on filing a petition for writ of habeas corpus. In support, he points to Federal Rule of Criminal Procedure 12(b)(2) and cases applying it. Even if the Federal Rules of Criminal Procedure applied to petitioner's criminal case, these cases merely affirm that an objection that an indictment fails to state an offense can be raised any time *during the pendency of the proceedings.* Petitioner's criminal proceedings have long been closed. Petitioner cites no case supporting his argument that "[t]his court will consider the merits of a procedurally defaulted claim in a habeas petition where there is a claim of lack of subject matter jurisdiction," when the time for filing such a petition has expired by statute. Accordingly, the Petition is untimely.

### **CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is DISMISSED as untimely. Further, this Court hereby fully incorporates the Report and Recommendation by reference herein. For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.


/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date: 7/19/10